# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JACQUELINE HAYES, | ) |
| | ) |
|     Movant, | ) |
| | ) |
| v. | )    No. 4:12-CV-366-CDP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Jacqueline Hayes' motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255.

Movant was sentenced to forty-eight months imprisonment following her guilty plea to one count of conspiracy to defraud a health care benefit program, six counts of failure to pay over employment taxes, and one count of fraudulent use of another's social security number. United States v. Hayes, No. 4:05-CR-353-CDP (E.D. Mo.).[1]  Movant did not file a direct appeal.

---

[1] The criminal case was originally assigned to the Honorable Stephen N. Limbaugh, who sentenced movant on March 27, 2008.  The case was reassigned to the Honorable Catherine D. Perry on April 7, 2009.

In support of her § 2255 motion, movant asserts thirty-three grounds for relief, including allegations of prosecutorial misconduct, judicial bias, and a multitude of ineffective-assistance-of-counsel claims.

The Court's records show that movant filed her first § 2255 motion to vacate on April 2, 2009.  See Hayes v. United States, No. 4:09-CV-531-CDP (E.D. Mo).  The motion was denied on the merits, and movant did not file an appeal.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals" to contain certain information.  Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Because movant did not obtain permission from the Eighth Circuit Court of Appeals to maintain the instant § 2255 motion in this Court, the Court lacks authority to grant movant the relief she seeks.  As such, the instant action will be summarily dismissed, without prejudice.

Therefore,

**IT IS HEREBY ORDERED** that the instant motion to vacate is **DENIED**, without prejudice, because movant did not obtain permission from the Eighth Circuit Court of Appeals to bring the motion in this Court. See 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that movant's motion for leave to proceed in forma pauperis [Doc. #2] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 6th day of March, 2012.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE